PER CURIAM.
Appellant appeals a directed verdict on the issue of liability alone. The directed verdict left the amount of damages on ap-pellee’s counterclaim as the only issue for trial by jury. We reverse.
The directed verdict that is the subject of this appeal was contained in a pretrial order which set the remaining issue of damages for jury trial. It appears from the record before us that the directed verdict for appellee/counterclaimant Gilbane was predicated upon a previous directed verdict for appellee Gilbane on appellant’s initial complaint for damages against appellee. That directed verdict on appellant’s complaint is not before us.
The record further discloses that the directed verdict on appellant’s complaint was entered because of a failure to prove damages and conflicting proof as to breaches of the contract on the part of both appellant and appellee. That conflicting proof of bilateral breaches is not sufficient to support a directed verdict for appellee on the issue of appellant’s breach in regard to appellee’s counterclaim.
We therefore reverse and remand for trial on appellee’s counterclaim on the issue of liability and damages.
CAMPBELL, C.J., and RYDER and SCHOONOVER, JJ., concur.